UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

JEREMY P. HOPKINS,                    )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )        No. 1:09-CV-304
                                      )        Chief Judge Curtis L. Collier
RANDY SELLERS, JUDGE BILL BALILES,    )
and STEVEN BEBB                       )
                                      )
        Defendants.                   )

## MEMORANDUM

Before the Court are motions to dismiss filed by Defendants Steven Bebb (Court File No.

6), Randy Sellers (Court File No. 8),[1] and Judge Bill Baliles (Court File No. 11).  Plaintiff Jeremy

Hopkins ("Plaintiff") responded (Court File Nos. 13, 15, 18).  No defendant replied.  For the

following reasons, the Court will **GRANT IN PART** Defendants Steven Bebb's and Judge Bill

Baliles's  motions to dismiss (Court File Nos. 6, 11) and will **DENY** Defendant Randy Seller's

motion to dismiss (Court File No. 8).


## I.      RELEVANT FACTS

As set out in Plaintiff's amended complaint (Court File No. 2), in 2007, Plaintiff filed a

complaint in the Circuit Court for Bradley County, Tennessee, seeking a divorce and shared custody

---

[1]Because Defendant Randy Sellers combined his answer and his motion to dismiss in one
pleading, it was difficult for the Court to separate his answer from his motion to dismiss. For this
reason, it is possible some of his arguments were not comprehended.  The Federal Rules of Civil
Procedure provide for separate filings and give forms for answering a complaint, which is further
explained in Rule 8(b).  Local Rule 7.1 gives additional information about motion practice.  E.D.
TN. L.R. 7.1.

of his minor child. Defendant Randy Sellers ("Sellers") represented Plaintiff's estranged wife in the proceedings. After the Circuit Court refused to enter a proposed order submitted by Sellers, he contacted Defendant Bill Baliles ("Judge Baliles"), a Polk County General Sessions Judge, and the Polk County Sheriff's Department to obtain a warrant for Plaintiff's arrest. Sellers led Judge Baliles to believe the Circuit Court had entered an order setting parenting time and based on an affidavit made by Plaintiff's estranged wife, Judge Baliles issued a warrant and a criminal case against Plaintiff was initiated, charging him with custodial interference. Plaintiff contends Sellers was permitted to act as a special prosecutor at a hearing on the matter. According to Plaintiff, Defendant Steven Bebb ("Bebb"), of the District Attorney's Office, failed to train his assistants and deferred to Sellers, who actually prosecuted the case. The charges against Plaintiff were ultimately dismissed.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and alleges violations of the Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, and pursuant to Tenn. Code Ann. § 8-7-401.

II.    **STANDARD OF REVIEW**

When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, accept the complaint's factual allegations as true, *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007), and determine whether the plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940

(2009) (quoting Fed. R. Civ. P. 8(a)(2)), but that statement must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a motion to dismiss, the question is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). At the same time, bare assertions of legal conclusions are insufficient, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Unsupported allegations and legal conclusions "masquerading as factual conclusions" are not sufficient. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

## III.   DISCUSSION

Bebb contends the complaint against him fails to state a claim and should be dismissed based on sovereign immunity under the Eleventh Amendment and prosecutorial immunity. Judge Baliles asserts judicial immunity. Sellers argues the complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6). In his response, Plaintiff contends the immunities asserted by the parties do not extend to prospective relief and, thus, the claims for injunctive and declaratory relief should not be dismissed. The Court will address each argument in turn.

### A.   Sovereign Immunity

Bebb asserts sovereign immunity, which deprives the Court of subject matter jurisdiction over all claims asserted against him in his official capacity.

Although the plaintiff generally bears the burden of proving federal subject matter jurisdiction in response to a 12(b)(1) motion, the entity claiming sovereign immunity under the Eleventh Amendment must prove its entitlement to such. *Gragg v. Ky. Cabinet for Workforce Dev.*, 289 F.3d 958, 963 (6th Cir. 2002). Under the Eleventh Amendment, "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." The withdrawal of jurisdiction equals an immunity from suit. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).

Suing a state officer in his official capacity for damages is equivalent to suing the state itself, which is prohibited by the Eleventh Amendment. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989); *McCormick v. Braverman*, 451 F.3d 382, 399 n. 16 (6th Cir. 2006); *Wells v. Brown*, 891 F.2d 591, 592 (6th Cir. 1989). The Eleventh Amendment shields a state and its officials from such suits unless the state waives its immunity and consents to suit in federal court or Congress exercises its power to act pursuant to the enforcement provisions of Section Five of the Fourteenth Amendment. *Welch v. Tex. Dept. of Highways and Pub. Transp.*, 483 U.S. 468, 472-73 (1987). Neither a state nor its officials acting in their official capacities are persons under § 1983. *Will*, 491 U.S. at 71; *Wells*, 891 F.2d at 594.

The state has not waived its immunity nor has Congress exercised its power to override Eleventh Amendment immunity in this case. Additionally, Bebb, in his official capacity, is not a "person" subject to liability under § 1983. Therefore, Bebb is immune from suit in his official capacity, and all claims for damages against Bebb in his official capacity will be dismissed.

### B.     Official Immunity

Both Bebb and Judge Baliles assert absolute immunity from the claims against them in their individual capacities. They argue the contested actions occurred during the performance of their respective official roles as a prosecutor and a judge.

The United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held judges and other court officers are absolutely immune from suit on claims arising out of their performance of judicial or quasi- judicial functions. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). The courts have declined, however, to extend this protection to situations involving other types of conduct, even when that conduct has some bearing on the judicial process. *Forrester v. White*, 484 U.S. 219, 228-29 (1988); *Clinton v. Jones*, 520 U.S. 681, 694-95 (1997). When determining whether absolute immunity applies in a given context, the trial court has been instructed to look to "'the nature of the function performed, not the identity of the actor who performed it.'" *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (quoting *Forrester*, 484 U.S. at 229). An official seeking absolute immunity bears the burden of showing immunity is justified in light of the function he or she was performing. *Burns v. Reed*, 500 U.S. 478, 486 (1991).

In the case of prosecutors, absolute immunity is justified "only for actions that are connected with the prosecutor's role in judicial proceedings, not for every litigation-inducing conduct." *Burns,* 500 U.S. at 494. Prosecutors are entitled to absolute immunity for conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Prosecutors are not, however, absolutely immune when they perform administrative, investigative, or other functions. Thus, the Supreme Court has extended absolute immunity to prosecutors only where their challenged acts were performed while serving as an advocate in judicial proceedings.

*Kalina v. Fletcher*, 522 U.S. 118, 125 (1997). Prosecutors are entitled to absolute immunity from suit under § 1983 when they act within the scope of their prosecutorial duties. *Skinner v. Govorchin*, 463 F.3d 518, 524-25 (6th Cir. 2006); *Blakely v. United States*, 276 F.3d 853, 871 (6th Cir. 2002). This includes conduct relative to a decision on whether to prosecute a case, regardless of the prosecutor's motives. *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989). Prosecutorial immunity is applied even if it "leave[s] the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976).

The allegations against Bebb include failing to give Plaintiff notice Sellers would be appearing as counsel in the criminal case or arguing on behalf of the State, deferring to Sellers in prosecuting the case, and failing to supervise, train, and control his assistants to prevent damages (Court File No. 2). Failure to give notice in a judicial proceeding is related to a prosecutor's role as an advocate in the criminal process. Thus, Bebb is absolutely immune and cannot be liable for failure to give notice. The claim Bebb deferred to Sellers in the criminal case could plausibly mean Bebb, during the proceeding, allowed Sellers to take the lead, in which case the actions would be protected by prosecutorial immunity. However, it could also mean Bebb made the administrative decision to assign the case to Sellers, which is not be protected by prosecutorial immunity. Since the alleged failure to adequately supervise, train, and control Bebb's assistants is similarly unrelated to Bebb's role as an advocate, he is not entitled to prosecutorial immunity for those actions.

Judges are immune from personal liability for actions taken within the scope of their judicial role. *Pierson*, 386 U.S. at 554-55 ("Few doctrines were more solidly established in common law than the immunity of judges from liability for damages for acts committed within their judicial

jurisdiction."). Judges generally have absolute judicial immunity from civil suits, including cases under 42 U.S.C. § 1983, for monetary damages, arising out of the performance of their judicial duties. *Ireland v. Tunis,* 113 F.3d 1435, 1440 (6th Cir. 1997) (*citing Mireles v. Waco,* 502 U.S. 9, 9 (1991); and *Barnes v. Winchell* 105 F.3d 1111, 1115 (6th Cir. 1997)). A judge will not be deprived of immunity because the action he took may have been in error or was done maliciously. *Mireles,* 502 U.S. at 11; *Pierson,* 386 U.S. at 554. Rather, a judge will be subject to financial liability involving the performance of a judicial act only when the judge has acted in the clear absence of all jurisdiction. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978); *cf. Forrester v. White,* 484 U.S. 219, 229 (1988) (holding judge's employment decision to be in administrative capacity and not shielded by absolute judicial immunity); *Pulliam v. Allen,* 466 U.S. 522, 541-42 (1984) (concluding judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in judicial capacity).

Plaintiff lists numerous actions Judge Baliles failed to take in allowing Sellers to allegedly prosecute Plaintiff. Each of the omissions took place during the course of presiding over the criminal action against Plaintiff. Plaintiff contends Judge Baliles lost jurisdiction over the matter when he appointed Sellers to act as special prosecutor, a function Tennessee law reserves for the district attorney. Judicial immunity, however, will only be deprived where the judge acted in "clear absence of all jurisdiction." *Stump*, 435 U.S. at 357. Judge Baliles had jurisdiction over the criminal case, thus, even if the Court were to assume Judge Baliles lost jurisdiction by appointing Sellers, as Plaintiff claims, such an action would merely be "in excess of his authority" and would be protected by judicial immunity. *Id.* All contested actions were taken within the scope of Judge Baliles's judicial role and Judge Baliles is absolutely immune from liability.

## C.    Failure to State a Claim

Both Bebb and Sellers contend Plaintiff has failed to state a claim against them.  The remaining allegations against Bebb stem from his deferral to Sellers for the prosecution of the case and supervision of his assistants during the prosecution of Plaintiff's case.

Section 1983 allows a person to sue to vindicate the deprivation of constitutional rights.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983.  To establish liability under § 1983, Plaintiff must demonstrate: (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law.  *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).

The allegation Bebb allowed Sellers to prosecute the case does not state a claim under § 1983.  Plaintiff has not stated a malicious prosecution claim against Bebb under the Fourth Amendment or the substantive due process claim under the Fourteenth Amendment, since Plaintiff does not allege Bebb initiated the prosecution.  *See Miller v. Sanilac County*, 606 F.3d 240, 247-48 (6th Cir. 2010) (noting the intra-circuit conflict on the elements of a claim for malicious prosecution under § 1983).  A procedural due process claim under § 1983 requires "a life, liberty, or property interest protected by the Due Process Clause of the Fourteenth Amendment," a deprivation of that protected interest, and inadequate procedural rights prior to the deprivation.  *Wedgewood L.P. I v. Twp. of Liberty*, --- F.3d ---, 2010 WL 2583410, *6 (6th Cir. 2010).  Plaintiff has not alleged Bebb's

administrative act of deferring to Sellers for the prosecution of the case deprived him of any protected interest. Although a prosecution could lead to the deprivation of protected interests, the mere decision to appoint an unqualified or conflicted attorney does not. This claim affords no basis for relief under § 1983.

Supervisor liability under § 1983 must be based on more than the right to control employees. *Comstock v. McCrary*, 273 F.3d 693, 712 (6th Cir. 2008). Vicarious liability is inapplicable in § 1983 suits, therefore "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Liability cannot hinge on simply a failure to supervise. Accordingly, Plaintiff has failed to state a claim for supervisory liability against Bebb.

Unlike Bebb, Sellers did not file a memorandum in support of his motion to dismiss, nor did he offer any arguments to support the motion. In the context of a motion to dismiss for failure to state a claim, the moving party bears the burden of proof. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Where the defendant fails to offer arguments supporting the assertion the plaintiff has failed to state a claim for relief, the motion should be dismissed. *Bangura v. Hansen*, 434 F.3d 487, 498 (6th Cir. 2006). Other than stating, "The Complaint fails to state a short and plain statement of the claim showing that the pleader is entitled to relief" (Court File No. 8), Sellers does not expand upon his motion. As such, the Court finds he has failed to meet his burden of showing the complaint fails to state a claim against him.

### D.     Claims for Prospective Relief

In his responses, Plaintiff notes the immunities cited by Defendants Bebb and Judge Baliles do not protect them from injunctive relief. Neither defendant replied and, thus, did not address this

argument.

Although the Eleventh Amendment prohibits suits for monetary damages, it does not extend to suits for injunctive relief against individuals who enforce the laws of the state. *Ex Parte Young*, 209 U.S. 123, 155-56 (1908). Similarly, neither prosecutorial immunity nor judicial immunity protect a defendant from an award of injunctive relief. *Sup. Ct. of Virginia v. Consumers Union of United States*, 446 U.S. 719, 736-37 (1980) (prosecutorial immunity); *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984) (judicial immunity).

Since the immunities asserted by Defendants Bebb and Judge Baliles do not prohibit claims asking for prospective relief, only the claims for monetary damages will be dismissed. The claims for injunctive and declaratory relief will remain.

IV. <u>**CONCLUSION**</u>

For the reasons stated above, the Court will **GRANT IN PART** Defendants Steven Bebb's and Judge Bill Baliles's motions to dismiss (Court File Nos. 6, 11). The claims for monetary damages from Defendant Steven Bebb and Judge Bill Baliles will be **DISMISSED**, but the claims for injunctive and declaratory relief will proceed. Since Defendant Randy Sellers inadequately supported his motion and failed to meet his burden of proof, the Court will **DENY** his motion to dismiss (Court File No. 8).

An Order shall enter.

**/s/**_____
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**